**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 6**

Docket No. SF-0353-15-0241-I-1

**Randall S. Desjardin,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

February 22, 2023

<u>Randall S. Desjardin</u>, Grove, Oklahoma, pro se.

<u>Michael R. Tita</u>, Esquire, Sandy, Utah, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt Member
Vice Chairman Harris recused herself and
did not participate in the adjudication of this appeal.

## OPINION AND ORDER

¶1    The appellant has filed a petition for review of the initial decision that granted in part his restoration claim on the merits. The agency has filed a cross petition for review. For the reasons discussed below, we DENY the petition for review and GRANT the cross petition for review. We AFFIRM the initial decision IN PART, AS MODIFIED by this Opinion and Order, REVERSE it IN PART, and VACATE it IN PART. More specifically, we AFFIRM AS MODIFIED the administrative judge's finding that the agency arbitrarily and capriciously denied the appellant restoration. We REVERSE the administrative

judge's finding that the agency discriminated against the appellant on the basis of his disability.  We VACATE the administrative judge's order to pay the appellant back pay for 2 hours per day for the time during which he was denied partial restoration.

BACKGROUND

¶2      The appellant is employed by the agency as a City Carrier.  Initial Appeal File (IAF), Tab 6, Subtab A at 2.  On December 11, 2014, he submitted a written request to the agency's local injury compensation manager to return to work following an absence due to a compensable injury.  *Id.*, Subtab B.  He included a Form CA-17 (Duty Status Report) completed by his doctor that listed his medical restrictions.  *Id.* at 2.  He submitted updated paperwork over the following week. *Id.* at 4, 6-7, 10, 12.

¶3      On January 7, 2015, the appellant filed this Board appeal challenging the agency's failure to restore him to duty.  IAF, Tab 1.  Around the time the appellant filed his Board appeal, the agency informed him by letter that it had unsuccessfully searched for available work within his medical restrictions within his facility and throughout the local commuting area.  IAF, Tab 6, Subtab E. Although the letter was dated January 5, 2015, it does not appear to have been sent to the appellant until 8 days later.  *Id.*, Subtab F.  Additionally, the appellant's supervisor conceded in her hearing testimony that in fact a full search of the local commuting area had not been conducted when the agency sent the letter.  Hearing Compact Disc (HCD) (testimony of S.N.).

¶4      The agency searched the local commuting area on January 15, 2015, based on restrictions that differed somewhat from those set forth by the appellant's doctor.  That search resulted in a finding of no work available within the appellant's restrictions.  IAF, Tab 17 at 31-71.  Approximately 2 weeks after he filed this appeal, the appellant received and accepted a modified limited-duty assignment casing mail for up to 2 hours per day.  *Id.* at 14.  The appellant

accepted the modified limited-duty assignment "under protest," asserting that there was sufficient work available for him to work a full-time schedule. *Id.* at 13-14. He also argued that he could perform his duties as a union steward. *Id.*

¶5      Effective March 24, 2015, the appellant accepted a new modified limited-duty assignment for 8 hours per day. IAF, Tab 42, Subtab BB. In accepting the offer, the appellant protested that the offer did not specifically include union steward duties. *Id.* However, the appellant acknowledged in his hearing testimony that he was permitted to perform those duties after accepting the March 24, 2015 limited-duty assignment. HCD (testimony of the appellant).

¶6      After holding a hearing, the administrative judge issued an initial decision granting the appellant's request for restoration in part. IAF, Tab 61, Initial Decision (ID). Specifically, she found that the agency's initial search for available work for the appellant was inadequate because it failed to include the entire local commuting area and was based on incorrect medical restrictions.[1] ID at 7. She further found that the appellant's partial restoration to duty in January 2015 was so unreasonable as to amount to an arbitrary and capricious denial of restoration. ID at 7-8. The administrative judge rejected the appellant's argument that the agency was required to assign him to perform union steward duties as part of its restoration obligation. ID at 9-11. However, she found that there were at least 2 hours of work available daily within the appellant's medical restrictions from the time he submitted his restoration request in December 2014. ID at 11-13. Accordingly, the administrative judge ordered the agency to pay the appellant back pay and benefits for 2 hours per day for the period during which

---

[1] The administrative judge determined that the agency had searched for work based on a restriction of no walking at all, when the appellant's walking restriction was limited to walking carrier routes. ID at 7.

his request for restoration was denied in its entirety and to conduct a proper search for available work retroactive to December 12, 2014. ID at 28-29.

¶7　　Having found that the Board had jurisdiction over the appellant's restoration appeal, the administrative judge then addressed the appellant's claims of discrimination, retaliation, and harmful procedural error. She found that the appellant failed to show that the agency denied him a reasonable accommodation for his disability because he failed to identify either an accommodation that would have enabled him to perform the essential functions of his position or a vacant funded position to which he could have been reassigned. ID at 16-17. In addressing the appellant's disparate treatment disability discrimination claim, the administrative judge applied a mixed-motive analysis and found that the appellant's disability was a motivating factor in both the agency's failure to immediately restore him for at least 2 hours per day, as well as its failure to restore him to full-time work. ID at 17-19. The administrative judge found that the agency proved by clear and convincing evidence that it would have denied the appellant a full-time limited-duty assignment even in the absence of his disability, but she also found that the agency failed to meet that burden regarding the failure to immediately provide 2 hours of work. ID at 19-20.

¶8　　The administrative judge also found that the appellant failed to prove that his sex or prior equal employment opportunity (EEO) activity was a motivating factor in the agency's actions. ID at 20-23. She further found that the appellant failed to show that the agency's actions constituted retaliation for his whistleblowing or union activities. ID at 23-27. Finally, the administrative judge found that the appellant failed to show any harmful error separate from the merits of his restoration claim. ID at 27-28.

¶9　　The appellant has filed a petition for review and the agency has filed a cross petition for review challenging the initial decision. Petition for Review (PFR) File, Tabs 1, 9. The appellant argues that the agency's actions violated the applicable collective bargaining agreement, the agency's Employee and Labor

Relations Manual, and the National Labor Relations Act by failing to allow him to perform union duties. PFR File, Tab 1 at 9-12. He also argues that there were sufficient nonunion duties available to restore him to full-time work. *Id.* at 13-17. He argues that his union duties are essential functions of his position and that the agency's failure to restore him to perform those duties is therefore a denial of reasonable accommodation. *Id.* at 17. The appellant further argues that he proved his claims of harmful error, sex discrimination, and retaliation for prior EEO, whistleblowing, and union activities. *Id.* at 18-21. Finally, the appellant asserts that he has evidence that was not previously available.[2] *Id.* at 21, 25-165. In its cross petition for review, the agency argues that the administrative judge erred in finding disability discrimination because it was not required under the Rehabilitation Act to offer the appellant duties that did not comprise the essential functions of a position. PFR File, Tab 9 at 10-12. The appellant has responded in opposition to the agency's cross petition for review.[3] PFR File, Tab 11.

---

[2] We have reviewed the documents the appellant submitted for the first time on review, and we find that he has not shown that those documents were unavailable prior to the close of the record below, despite his due diligence. Therefore, the Board will not consider them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Regarding the sworn statements submitted with the petition for review, although the statements themselves are dated after the close of the record below, the appellant has not shown that the information contained in the documents, not just the documents themselves, were unavailable despite his due diligence. *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989); 5 C.F.R. § 1201.115(d).

[3] We deny the appellant's objection to the Clerk of the Board's order granting the agency an extension of time to file its response to the appellant's petition for review. PFR File, Tab 11 at 4.

ANALYSIS

<u>To establish jurisdiction over his restoration claim as a partially recovered employee, the appellant must show that the agency failed to meet its minimum obligation under 5 C.F.R. § 353.301(d).</u>

¶10    The Federal Employees' Compensation Act provides, among other things, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Congress has explicitly granted the Office of Personnel Management (OPM) the authority to issue regulations governing the obligations of employing agencies in this regard. 5 U.S.C. § 8151(b). Pursuant to this authority, OPM has issued regulations requiring agencies to make certain efforts toward restoring employees with compensable injuries to duty, depending on the timing and extent of their recovery. 5 C.F.R. § 353.301; *see Smith v. U.S. Postal Service*, 81 M.S.P.R. 92, ¶ 6 (1999).

¶11    The regulation at 5 C.F.R. § 353.301(d) concerns the restoration rights granted to "partially recovered" employees, defined in 5 C.F.R. § 353.102 as injured employees who, "though not ready to resume the full range" of their regular duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." Section 353.301(d) requires agencies to "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." This means, "[a]t a minimum," treating individuals who have partially recovered from a compensable injury substantially the same as other disabled[4] individuals under the Rehabilitation Act, as amended. 5 C.F.R. § 353.301(d). The Board has interpreted the regulation to require that an agency

---

[4] The regulation anachronistically refers to "handicapped" individuals.

must at least search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. *Sanchez v. U.S. Postal Service*, 114 M.S.P.R. 345, ¶ 12 (2010).[5]

¶12    Although 5 U.S.C. § 8151 does not itself provide for an appeal right to the Board, the regulation at 5 C.F.R. § 353.304 provides Board appeal rights to individuals affected by restoration decisions under 5 C.F.R. § 353.301. As relevant here, the regulation provides that a partially recovered individual "may appeal to [the Board] for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." 5 C.F.R. § 353.304(c). Pursuant to the law and regulations in effect at the time this appeal was filed, to establish jurisdiction over a restoration appeal as a partially recovered individual, the appellant must prove the following by preponderant evidence: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious.[6] *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012),

---

[5] Although the Rehabilitation Act may in some cases require an agency to search beyond the local commuting area, we have found that, read as a whole, section 353.301(d) requires only that an agency search within the local commuting area and that the reference to the Rehabilitation Act means that, in doing so, it must undertake substantially the same effort that it would exert under that Act when reassigning a disabled employee within the local commuting area. *Sanchez*, 114 M.S.P.R. 345, ¶ 18.

[6] A preponderance of the evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q) (formerly codified at 5 C.F.R. § 1201.56(c)(2) (2015)).

*overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶¶ 20-21.[7]

¶13     The jurisdictional standard established by 5 C.F.R. § 353.304(c) "reflects the limited substantive right enjoyed by partially recovered employees." *Bledsoe*, 659 F.3d at 1103. Whereas employees who fully recover from a compensable injury within a year have an "unconditional right to restoration under 5 C.F.R. § 353.301(a) and 5 U.S.C. § 8151(b)(1)," a partially recovered employee does not have such an unconditional right. *Bledsoe*, 659 F.3d at 1103. Rather, the agency only is obliged to "make every effort to restore" a partially recovered employee "in the local commuting area" and "according to the circumstances in each case." *Id.*; 5 C.F.R. § 353.301(d). The Board appeal right under 5 C.F.R. § 353.304(c) is likewise conditional: "[b]ecause partially recovered employees do not have an unconditional *right* to restoration, they do not have the right to appeal every *denial* of restoration." *Bledsoe*, 659 F.3d at 1103 (emphasis in original). Accordingly, the arbitrary and capricious standard of 5 C.F.R. § 353.304(c) "limits jurisdiction to appeals where the substantive rights of partially recovered [appellants] under section 353.301(d) are actually alleged to have been violated." *Id.*; *cf. Palmer v. Merit Systems Protection Board*, 550 F.3d 1380, 1383 (Fed. Cir. 2008) (holding that a partially recovered employee alleging improper restoration "may appeal only on the limited grounds enumerated in [section 353.304(c)]"). In other words, for purposes of the fourth jurisdictional element, a denial of restoration is "rendered arbitrary and

---

[7] After *Bledsoe* and *Latham* were issued, the Board changed its regulations and adopted a "nonfrivolous allegation" standard for restoration appeals, rather than the "preponderant evidence" standard set forth in those cases. *Kingsley*, 123 M.S.P.R. 365, ¶ 10. The new standard applies only in cases filed on or after March 30, 2015, Practices and Procedures, 80 Fed. Reg. 4,489, 4,496 (Jan. 28, 2015) (codified in pertinent part at 5 C.F.R. § 1201.57), and is therefore inapplicable to this appeal.

capricious by [an agency's] failure to perform its obligations under 5 C.F.R. § 353.301(d)." *Bledsoe*, 659 F.3d at 1104.

¶14     Under the law in effect at the time this appeal was filed, an appellant who established these jurisdictional elements automatically prevailed on the merits. *Latham*, 117 M.S.P.R. 400, ¶ 10 n.9.  In finding that the appellant established jurisdiction over, and thus the merits of, his restoration claim, the administrative judge applied the standard set forth in *Latham*, in which the Board held that when an agency voluntarily assumes restoration obligations beyond the "minimum" requirements of 5 C.F.R. § 353.301(d), the agency's failure to comply with those agency-specific requirements is arbitrary and capricious for purposes of establishing Board jurisdiction.  ID at 5-6; *Latham*, 117 M.S.P.R. 400, ¶¶ 13-14. As the Board in *Latham* recognized, the U.S. Postal Service's rules obligate it to offer modified assignments when the work is available regardless of whether the duties constitute those of an established position.  *See Latham*, 117 M.S.P.R. 400, ¶ 41.    Thus, under existing precedent, the administrative judge properly considered whether the agency properly searched for and provided available duties to the appellant.  ID at 7-8.

¶15     However, after the initial decision in this appeal was issued, the Board overruled *Latham* in *Cronin*.  The Board in *Cronin* held that, although agencies may undertake restoration efforts beyond the minimum effort required by OPM under 5 C.F.R. § 353.301(d), an agency's failure to comply with self-imposed obligations cannot itself constitute a violation of 5 C.F.R. § 353.301(d) such that a resulting denial of restoration would be rendered arbitrary and capricious for purposes of establishing Board jurisdiction under 5 C.F.R. § 353.304(c). *Cronin*, 2022 MSPB 13, ¶ 20.  Rather, as explained in *Cronin*, the issue before the Board is limited to whether the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee

and to consider him for any such vacancies. *See Cronin*, 2022 MSPB 13, ¶ 20 (citing *Sanchez*, 114 M.S.P.R. 345, ¶ 12).

¶16     The Board in *Cronin* further held that, contrary to its prior suggestion in *Latham*, claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious. *Id.*, ¶ 21. The Board in *Cronin* held that, although an agency's failure to comply with section 353.301(d) may well be the result of prohibited discrimination or reprisal for protected activity, whether that is so is immaterial to the question of whether a denial of restoration is arbitrary and capricious for purposes of section 353.304(c). *Cronin*, 2022 MSPB 13, ¶ 21.

The agency violated its restoration obligation by failing to search throughout the local commuting area for vacant positions to which it could reassign the appellant, and the proper remedy is for the agency to conduct such a search retroactively.

¶17     Under *Cronin*, the Board's sole jurisdictional inquiry in an appeal alleging an arbitrary and capricious denial of restoration to a partially recovered employee is whether the agency complied with its obligation under 5 C.F.R. § 353.301(d) to search within the local commuting area for vacant positions to which it can restore the employee and to consider him for any such vacancies. For restoration rights purposes, the local commuting area is the geographic area in which an individual lives and can reasonably be expected to travel back and forth daily to his usual duty station. *Hicks v. U.S. Postal Service*, 83 M.S.P.R. 599, ¶ 9 (1999). It includes any population center, or two or more neighboring ones, and the surrounding localities. *Sapp v. U.S. Postal Service*, 73 M.S.P.R. 189, 193 (1997). The question of what constitutes a local commuting area is one of fact. *Sanchez*, 114 M.S.P.R. 345, ¶ 13. The extent of a commuting area is ordinarily determined by factors such as common practice, the availability and cost of public transportation or the convenience and adequacy of highways, and the travel time required to go to and from work. *Id.*

¶18    Here, the administrative judge found that the agency's initial search for available work in December 2014 was limited to the appellant's facility and therefore did not cover the entire local commuting area. ID at 7. Under *Cronin*, the agency's efforts to find work that did not constitute the essential functions of an established position cannot form the basis of a restoration claim before the Board.[8] We therefore vacate the administrative judge's findings that the agency's actions in connection with its search for modified duties constituted an arbitrary and capricious denial of restoration within the Board's jurisdiction.[9] However, in light of both the agency's failure to search beyond a single facility when the appellant sought to return to work, as well as its use of incorrect restrictions when searching for work, we find that the agency violated its obligation under 5 C.F.R. § 353.301(d) to search the local commuting area for vacant positions to which it could restore the appellant. *See Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 13 (2012) (finding an arbitrary and capricious denial of restoration when the agency based its search for work on incorrect restrictions); *Urena v. U.S. Postal Service*, 113 M.S.P.R. 6, ¶ 13 (2009) (finding a nonfrivolous allegation of an arbitrary and capricious denial of restoration when the agency's search for available work was limited to a single facility). We therefore find that the agency violated the appellant's restoration rights under 5 C.F.R. § 353.301(d) but only to the extent it failed to conduct a proper search for vacant positions.

---

[8] Consistent with general principles of law, we give *Cronin* retroactive effect in this case, which was pending at the time *Cronin* was decided. *Heartland By-Products, Inc. v. United States*, 568 F.3d 1360, 1365 (Fed. Cir. 2009).

[9] Although we find the agency's search in this case was inadequate, we do not mean to suggest that an agency violates an employee's restoration rights under 5 C.F.R. § 353.301(d) by searching for available duties that do not constitute the essential functions of an established position. We assume that a properly conducted search for available duties within an employee's restrictions also would encompass available positions with duties that fell within those restrictions. The search in this case was inadequate because the agency failed to search the entire local commuting area and used incorrect restrictions.

¶19   When, as in this case, the denial of restoration was arbitrary and capricious for lack of a proper job search, the Board has found that the proper remedy is for the agency to conduct an appropriate search of the local commuting area retroactive to the date of the appellant's request for restoration, and to consider him for any suitable vacancies. *Tram v. U.S. Postal Service*, 118 M.S.P.R. 388, ¶ 10 (2012). The remedy of a retroactive job search will be sufficient to correct the wrongful action and substitute it with a correct one based on an appropriate search. *Id.* However, it will not put the appellant in a better position than the one he was in before the wrongful action because it leaves open the possibility that the agency still might be unable to find a vacant position. *Id.* The appellant may be entitled to back pay only if the agency's retroactive search uncovers a position to which it could have restored him.[10] *Id.* We therefore vacate the administrative judge's order requiring the agency to pay the appellant back pay for the period during which she determined he was entitled to partial restoration.

The Board will continue to adjudicate discrimination and retaliation claims in connection with denials of restoration over which it has jurisdiction.

¶20   The Board in *Cronin* declined to address how it should address claims of discrimination and retaliation in restoration appeals within its jurisdiction. *Cronin*, 2022 MSPB 13, ¶ 21 n.12. In *Latham*, the Board stated that, in restoration appeals, claims of discrimination and reprisal should be understood as "independent claims" rather than as "affirmative defenses." *Latham*, 117 M.S.P.R. 400, ¶ 58 n.27. The Board indicated that the concept of an "affirmative defense" fits better in matters such as adverse action appeals when the agency bears the burden of proof on the merits.[11] *Id.*

---

[10] We agree with the administrative judge that the appellant's union duties are not themselves a position to which he could have been reassigned. ID at 9-11.

[11] The Board in *Latham* also noted the possibility that discrimination and reprisal claims could serve as alternative ways for an appellant to show that the denial of restoration was arbitrary and capricious. *Latham*, 117 M.S.P.R. 400, ¶ 58 n.27. However, as we

¶21 Despite the Board's criticism in *Latham* of the use of the term "affirmative defense" to describe the adjudication of discrimination and retaliation claims in restoration appeals, the Board has continued to adjudicate those claims in the same manner as it did before *Latham*. *See, e.g.*, *Davis v. U.S. Postal Service*, 120 M.S.P.R. 122, ¶¶ 15-18 (2013), *overruled on other grounds by Cronin*, 2022 MSPB 13. We see no reason to alter that approach. Under 5 U.S.C. § 7702(a)(1), if an employee "has been affected by an action which [he] may appeal" to the Board and "alleges that a basis for the action was discrimination prohibited by" certain enumerated anti-discrimination statutes, the Board is required to "decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures." Thus, once the appellant has established that the challenged action is within the Board's jurisdiction, the Board is required by statute to adjudicate both the action itself and any claim that the action was based on one of the enumerated categories of prohibited discrimination.

Findings that the agency committed disability discrimination against injured employees in the past do not control the outcome of the disability discrimination issue in this appeal.

¶22 As we noted in *Cronin*, 2022 MSPB 13, ¶ 22 n.13, the Equal Employment Opportunity Commission (EEOC) held in a class action appeal that the agency had discriminated against disabled employees who were injured on duty (IOD) and assessed under the agency's National Reassessment Program (NRP) between May 2006 and July 2011. *See Velva B. v. U.S. Postal Service*, EEOC Appeal Nos. 0720160006 & 0720160007, 2017 WL 4466898 (Sept. 25, 2017), *request for reconsideration denied*, Request Nos. 0520180094 & 0520180095, 2018 WL 1392289 (Mar. 9, 2018). Specifically, the EEOC found that "officials

---

explained previously, that aspect of *Latham* is no longer good law under *Cronin*. *Supra* ¶ 16.

involved in the development and deployment of the NRP were motivated by unlawful considerations of the class members' disabilities when they subjected IOD employees to NRP assessments and took follow-up actions to those assessments under the auspices of the NRP." *Id.* at *14-*21. Those "follow-up" actions included the withdrawal of previously granted modified work assignments from IOD employees, *id.* at *26, the creation of a hostile work environment, *id.* at *29, subjecting employees to unlawful disability-related medical inquiries, *id.* at *33, and disclosing confidential medical information, *id.* at *38.

¶23    The Board generally defers to the EEOC on issues of substantive discrimination law unless the EEOC's decision rests on civil service law for its support or is so unreasonable that it amounts to a violation of civil service law. *Alvara v. Department of Homeland Security*, 116 M.S.P.R. 627, ¶ 8 (2011). However, we find that the EEOC's decision in *Velva B.* does not control the outcome of the disability discrimination issue in this appeal or any other restoration appeal within the Board's jurisdiction.

¶24    First, the EEOC made clear that the matters before it in the class action were not mixed cases, i.e., they did not involve matters appealable to the Board. *Velva B.*, 2018 WL 1392289, at *3; *see* 29 C.F.R. § 1614.302(a). Any restoration appeal within the Board's jurisdiction in which disability discrimination is claimed is, by definition, a mixed-case appeal, 29 C.F.R. § 1614.302(a)(2), and is therefore distinct from the matters addressed by the EEOC in *Velva B.*

¶25    Additionally, the Board's jurisdiction over discrimination claims in mixed cases is limited to determining whether discrimination was "a basis for the action" within its jurisdiction. *See* 5 U.S.C. § 7702(a)(1). The Board's jurisdiction to adjudicate a discrimination claim as to one personnel action does not include jurisdiction over all other actions the appellant alleges to be discriminatory. *See Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶¶ 8-13 (2005) (rejecting the EEOC's suggestion that the Board could adjudicate discrimination claims relating to otherwise nonappealable actions if they are

"inextricably intertwined" with or "cannot sensibly be bifurcated" from otherwise appealable actions). Thus, in the case of an arbitrary and capricious denial of restoration to a partially recovered employee, the Board can consider only whether that particular denial of restoration was discriminatory. The Board can consider agency actions other than the appealable action only to the extent those other actions are relevant to whether the appealable action itself was discriminatory. *See Deas v. Department of Transportation*, 108 M.S.P.R. 637, ¶ 20 (2008) (finding in a suspension appeal that, while the Board could not adjudicate a claim that the proposal to suspend was discriminatory, it could consider whether any discrimination in the proposal could be imputed to the subsequent suspension), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014). Here, the matter over which the Board has jurisdiction is the agency's failure to restore the appellant due to its failure to properly search the local commuting area for vacant positions to which it could have reassigned him. In adjudicating the appellant's discrimination claims, the Board therefore is limited to consideration of that action. Discrimination claims relating to other agency actions, including any actions relating to limited-duty assignments that do not constitute the essential functions of an established position, are matters for the EEOC, rather than the Board.

¶26      Finally, the EEOC's findings of disability discrimination in *Velva B.* involve the development and implementation of the NRP, a program that ended in 2011. *Velva B.*, 2017 WL 4466898, at *6. The events at issue in this appeal took place more than 3 years after the NRP ended, and there is no indication that the actions at issue here were affected by the NRP. Thus, the EEOC's findings as to the NRP's development and implementation do not affect our analysis of the disability discrimination claim in this case.

The appellant did not prove his disability discrimination claims.

¶27      The appellant alleged disability discrimination under both reasonable accommodation and disparate treatment theories. The Board adjudicates claims

of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA). *Id.* Therefore, we apply those standards here to determine if there has been a Rehabilitation Act violation. *Id.* In particular, the ADAAA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a). The Board recently clarified that only an otherwise qualified individual with a disability is entitled to relief, whether the individual alleges disability discrimination based on a disparate treatment or reasonable accommodation theory. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29.[12]

¶28     A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8). Thus, an appellant can establish that he is a qualified individual with a disability by showing that he can, with or without accommodation, perform either the essential functions of his position of record or those of a vacant funded position to which he could be assigned. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 11 (2014).

---

[12] The administrative judge informed the appellant that he was required to show that he was a qualified individual with a disability to be entitled to protection under the Rehabilitation Act. IAF, Tab 51 at 5. Thus, although we are applying the Board's decisions in *Pridgen* and *Haas*, which were issued after the initial decision in this case and clarified the relevant legal standard, the appellant had adequate notice of that standard.

¶29     The appellant does not allege that he could perform the essential functions of his City Carrier position with or without accommodation, and the medical restrictions submitted by his doctor precluded "route walking. . . for the delivery of mail." IAF, Tab 6, Subtab B at 7. We therefore find that the appellant did not establish that he was qualified based on his ability to perform the essential functions of the position he held. Thus, he would need to identify a vacant funded position to which he could have been reassigned in order to establish that he is a qualified individual with a disability. In addressing the appellant's reasonable accommodation claim, the administrative judge found that the appellant failed to meet his burden to show that there was any vacant position he could perform within his medical restrictions, even with a reasonable accommodation. ID at 16-17. We agree with the administrative judge's finding because the record does not show any existing vacant position to which the appellant could have been reassigned.[13] We therefore find that the appellant's disability discrimination claims under both disparate treatment and reasonable accommodation theories fail because he has not established that he is a qualified individual with a disability.

The appellant failed to prove his affirmative defenses of discrimination based on his sex or retaliation for prior EEO activity.

¶30     As to the appellant's claims of sex discrimination and retaliation for prior EEO activity, the administrative judge applied the standard set forth by the Board in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015). Applying that

---

[13] Our finding that the agency failed to conduct a proper search for available positions within the local commuting area, *supra* ¶ 18, does not relieve the appellant of his burden to establish the existence of a position to which he could have been reassigned in order to establish that he is a qualified individual with a disability. The agency argued before the administrative judge that the appellant had not identified a position he could perform within his medical restrictions. IAF, Tab 17 at 10. The appellant acknowledged that argument and indicated that he had requested information in discovery regarding the availability of positions he could perform. IAF, Tab 18 at 5.

standard, the administrative judge found that the appellant failed to prove by preponderant evidence that either his sex or prior EEO activity was a motivating factor in the agency's actions. ID at 20-23.

¶31    Title VII of the Civil Rights Act of 1964, as amended, requires that actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Since the initial decision was issued, the Board has clarified that an appellant who proves that discrimination under Title VII was a motivating factor in the contested personnel action may be entitled to injunctive or other "forward-looking" relief, but to obtain the full measure of relief, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, the appellant must show that discrimination was a "but-for" cause of the action. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22. "But-for" causation is a higher burden than "motivating factor" causation. *Id.*, ¶¶ 21 n.4, 22, 48. Consistent with the administrative judge's findings, we conclude that the appellant has not shown that his sex was a motivating factor in the agency's failure to properly search the local commuting area.[14] Because the appellant did not show that his sex was a motivating factor in the agency's failure to restore him, he necessarily failed to meet the more stringent "but-for" standard. *Id.* Accordingly, he is not entitled to any relief based on his allegations of sex discrimination.

¶32    Concerning the appellant's retaliation claims, the record reflects that his prior EEO activity was based on both Title VII and the ADA. IAF, Tab 20 at 20, Tab 26 at 4, 28. Claims of retaliation for opposing discrimination in violation of

---

[14] Administrative judges are not required to separate "direct" from "indirect" evidence and to proceed as if such evidence were subject to different legal standards, or to require appellants to demonstrate a "convincing mosaic" of discrimination or retaliation. *Pridgen*, 2022 MSPB 31, ¶ 24. Although the administrative judge in this case discussed different types of evidence, we find no material error and the initial decision reflects that the administrative judge properly considered the record as a whole. ID at 20-23.

Title VII are analyzed under the same framework used for Title VII discrimination claims, as set forth above. *Pridgen*, 2022 MSPB 31, ¶ 30. We see no error in the administrative judge's findings that the appellant failed to prove that Title VII retaliation was a motivating factor in the agency's actions.[15]

¶33    To prevail in a claim of retaliation for engaging in activity protected by the ADA, as amended by the ADAAA, including filing EEO complaints based on disability discrimination, the appellant must show that retaliation was a "but-for" cause of the agency's action. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. The administrative judge, applying the now-obsolete mixed-motive analysis, found that the appellant failed to show that retaliation was a motivating factor in the agency's denial of his restoration rights. ID at 21-22; *see Pridgen*, 2022 MSPB 31, ¶ 47 (overruling *Southerland v. Department of Defense*, 119 M.S.P.R. 566 (2013), to the extent it applied a mixed-motive standard to ADA retaliation claims). Because the appellant did not show that his protected activity was a motivating factor in the agency's failure to restore him, he necessarily failed to meet the more stringent "but-for" standard that applies to his retaliation claims. *See Pridgen*, 2022 MSPB 31, ¶¶ 21 n.4, 22, 48. Thus, the appellant is not entitled to relief for his Title VII or ADA-based retaliation claims.

The appellant's claims of harmful procedural error and retaliation for whistleblowing and union activities are moot.

¶34    Having determined that the appellant is entitled to corrective action on the merits of his restoration claim, we find that we need not address some of the appellant's additional claims. First, because the sole remedy for a finding of

---

[15] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that sex discrimination or retaliation for engaging in EEO activity protected by Title VII was a "but-for" cause of the agency's decision. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30-33.

harmful procedural error is reversal of the agency action, *see* 5 U.S.C. § 7701(c)(2)(A), the appellant already is entitled to all the relief he would obtain if he were to prevail on that claim. Similarly, because the appellant would not be entitled to damages even if he were to prevail on his claims of retaliation for whistleblowing and union activities, those claims are also moot. *See Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 8 (2016) (dismissing as moot a Postal Service employee's claim of whistleblower reprisal because such employees are not entitled to attorney fees or damages for whistleblower reprisal); *Farquhar v. Department of the Air Force*, 82 M.S.P.R. 454, 459, ¶ 11 (1999) (holding that awards of compensatory damages are not available for claims of reprisal for having filed a grievance, or any other kind of reprisal that does not implicate Title VII of the Civil Rights Act of 1964).[16]

## ORDER

We ORDER the agency to conduct a proper job search retroactive to December 11, 2014, and to consider the appellant for any suitable positions available during that time period consistent with its restoration obligations under 5 C.F.R. § 353.301(d). The agency must complete this action no later than 30 days after the date of this decision.

In the event the agency's restorative job search uncovers an available position to which it could have restored the appellant, we ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the

---

[16] The appellant's discrimination and EEO reprisal claims are not moot because the Board is authorized to award compensatory damages in connection with those claims. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶¶ 1, 20 (2016).

agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶37    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶38    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶39    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶40    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

<u>NOTICE TO THE APPELLANT</u>
<u>REGARDING YOUR RIGHT TO REQUEST</u>
<u>ATTORNEY FEES AND COSTS</u>

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), or 1221(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[17]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[17] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[18]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[18] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.