**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTOPHER BRANDT, | DOCKET NUMBER |
| Appellant, | DA-0752-24-0304-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: June 22, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher Brandt, San Antonio, Texas, pro se.

Robin Suzanne Courtney, William Barteau, Hugh Rosen, and Katie A. Chillemi, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff, II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which upheld his removal based on a sustained charge of failure to successfully complete a condition of employment. On petition for review, the appellant challenges the administrative judge's findings on, among other things, the charge, affirmative defenses of race and age discrimination, retaliation for protected

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

equal employment opportunity activity, harmful procedural error, and penalty. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

We have considered the appellant's numerous assertions on review, but we are not persuaded that the administrative judge erred when he sustained the charge, found that the appellant did not prove his affirmative defenses, and upheld the removal penalty.[2] We have considered his other assertions regarding witnesses and evidence, whether the agency representative should be disqualified

---

[2] Although the administrative judge correctly identified the appellant's burden to prove that retaliation was a "but-for" cause of the removal, he also stated that the appellant's conclusory allegations were "insufficient to prove . . . that the agency was *motivated by* . . . retaliatory animus." Initial Appeal File, Tab 41 at 25-26 (emphasis supplied). However, it is an adjudicatory error that is not prejudicial to the appellant's substantive rights and provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). Indeed, if the appellant failed to show that retaliation for protected activity was a motivating factor in the agency's action, he necessarily failed to prove that it was a "but-for" cause of the action. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31 (concluding that an appellant who failed to show that his sex was a motivating factor in the agency's action necessarily failed to meet the more stringent "but-for" causation standard).

due to a conflict of interest, and administrative judge bias, but none warrants a different outcome.

For example, the appellant asserts that the administrative judge (1) disregarded his complaints about the agency representative's "unethical behavior," and (2) abused his discretion by preventing him (the appellant) from obtaining records through discovery which showed that the agency's representative "advised agency officials on removing [him] from [G]overnment service," and then represented the agency during the Board appeal. PFR File, Tab 1 at 31. The appellant includes with his petition a May 14, 2025 decision from an Equal Employment Opportunity Commission (EEOC) administrative judge, which granted his motion to disqualify the agency representative because the representative "had direct involvement in determining the [agency's] response" to his request for a reasonable or interim accommodation and was "a material witness in the underlying claims." *Id.* at 55-58. The appellant also includes a January 10, 2024 email between the agency representative, his supervisor, and another agency official regarding his "reasonable accommodation/interim accommodation." *Id.* at 38.

Although the EEOC administrative judge's decision and the January 10, 2024 email constitute new evidence, the underlying assertions by the appellant regarding a potential conflict involving the agency representative are not new. *E.g.*, Initial Appeal File (IAF), Tab 38 at 7. Importantly, in the initial decision, the administrative judge noted that the agency representative's involvement in providing legal advice regarding interim accommodations was not relevant to this appeal and the appellant had not identified a conflict of interest or other ethical violation which precluded the agency representative from representing the agency in this matter. IAF, Tab 41, Initial Decision (ID) at 2 n.1.

Pursuant to 5 C.F.R. § 1201.31(b), the appellant may challenge the agency's designation of representative if it involves, among other things, a

conflict of interest or a conflict of position. We discern no error with the administrative judge's decision not to disqualify the agency representative. Importantly, the EEOC administrative judge's decision is distinguishable because (1) the EEOC matter involved the appellant's reasonable accommodation request, which was not an issue in this matter, ID at 2 n.1, and (2) the EEOC decision relied on Management Directive-110,[3] and we have not found any Board decisions that discuss this provision in the context of a motion to disqualify. Even if we accept as true the appellant's assertion that the agency representative "advis[ed] agency officials on the removal . . . and assist[ed] in drafting both the proposal notice and the final decision letter," PFR File, Tab 7 at 9, the Board has held that such involvement does not warrant disqualification, *see, e.g.*, *Gubino v. Department of Transportation*, 85 M.S.P.R. 518, ¶¶ 10-11 (2000) (denying the appellant's motion to disqualify the agency representative when the appellant asserted, among other things, that the agency representative played a substantial role in the decision to remove him).

The appellant also asserts that the administrative judge was biased against him. PFR File, Tab 1 at 4. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant has not made such a showing.

---

[3] This directive stated, among other things, that there must be "vigilant separation of the investigative and defensive functions" and "[t]here must be a firewall between the [equal employment opportunity] function and the agency's defensive function." PFR File, Tab 1 at 56.

We have considered the appellant's other documentation included with his petition for review, but we conclude that it does not warrant a different outcome. For example, regarding the May 30, 2024 duplicate Form CA-1, an administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence that has not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.41(b)(8), (10). We are not persuaded that the administrative judge abused his discretion in this regard, particularly when the duplicate Form CA-1 was issued after the appellant was removed. IAF, Tab 28. Regarding the February 27, 2023 *Government Executive* article, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant has not made such a showing. Regarding the May 12, 2022 medical documentation and July 21, 2023 email, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). The record reflects that the appellant knew about the information contained in that documentation. IAF, Tab 7 at 115, Tab 15 at 44-45, Tab 28 (testimony of the purported comparator). Lastly, the December 17, 2024 affidavit appears to challenge the credibility of the deciding official regarding when he learned of the appellant's accommodation requests, but such evidence is not generally considered new and material, *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989). Additionally, the administrative judge acknowledged the appellant's contention that the deciding official knew of his accommodation request, but he concluded that mere knowledge was insufficient to infer retaliatory intent. ID at 26. We are not persuaded that the administrative judge erred in his analysis in this regard.

Finally, the appellant has also filed a request for leave to file an additional pleading. PFR File, Tab 8. In this request, the appellant states that he discovered new evidence that supports his assertion that the agency provided a false and misleading statement regarding its awareness of special agent trainees attending the academy "with waived or reasonably accommodated changes to the [] physical fitness test standards." *Id.* at 4. He also states that his evidence proves that the physical fitness test "is not designated as an essential function" of the special agent trainee position, and he has rights under the Civil Service Act and the Federal Employees' Compensation Act. *Id.* at 4-6. Such evidence would appear to relate to a disability discrimination claim, and the appellant did not raise such a claim in this matter. Therefore, we deny this request.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.