**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JACINTH JOHNSON,
     Appellant,

     v.

DEPARTMENT OF THE ARMY,
     Agency.

DOCKET NUMBER
CH-0752-17-0416-I-1

DATE: June 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Kim, Esquire, Atlanta, Georgia, for the appellant.

Trevor J. Smothers, Esquire, Fort Leonard Wood, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed her removal for failure to meet a condition of employment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED to set forth the proper standard for evaluating an affirmative defense of retaliation for protected equal employment opportunity (EEO) activity.

**BACKGROUND**

¶2      The appellant was removed from her position as a GS-9 Victim Advocate, Sexual Harassment Response Program (SHARP) for failure to meet a condition of employment. Initial Appeal File (IAF), Tab 1 at 7-8. The appellant had served as a Victim Advocate for approximately 3 years, at agency posts in Fort Leonard Wood, Missouri, and in South Korea. IAF, Tab 13 at 402-05. An individual holding the Victim Advocate position is required to maintain a Department of Defense Sexual Assault Advocate Certification Program (D-SAACP) certification, which requires recertification every 2 years. IAF, Tab 13 at 200, 274-88. Part of the recertification application requires a recommendation from a supervisor attesting to the individual's "moral character, professional abilities and willingness to perform the duties" of the position. IAF, Tab 7 at 24.

¶3      In April 2017, the appellant's first-level supervisor proposed the appellant's removal for failure to maintain a D-SAACP certification, a condition of her employment. IAF, Tab 13 at 200-02. The supervisor previously had notified the appellant verbally and in writing that she was unable to sign the necessary

recommendation because she could not attest that the appellant possessed the requisite professional abilities and willingness to perform the duties of the position. *Id.* at 207-08, 236-37. The appellant's D-SAACP certification expired in February 2017. IAF, Tab 7 at 18-19. The appellant replied to the proposed removal in writing. IAF, Tab 13 at 22-194, Tab 27, Tab 32, Initial Decision (ID) at 3 n.2. The deciding official sustained the proposed removal, finding that the appellant did not hold the required certification and that removal promoted the efficiency of the service. IAF, Tab 13 at 13-21.

¶4 The appellant timely appealed her removal with the Board. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision affirming the agency's removal of the appellant for failure to meet a condition of employment. ID at 2, 22. The administrative judge found that the agency had proven its charge by preponderant evidence,[2] that there was a clear nexus between the charge and the efficiency of the service, and that the appellant's removal was a reasonable penalty. ID at 5-12, 19-21. The administrative judge found that the appellant failed to show by preponderant evidence that retaliation for her prior EEO activity was a motivating factor in her removal. ID at 13-19.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response opposing the petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

### The administrative judge correctly sustained the charge.

¶6 To sustain a charge of failure to fulfill a condition of employment, the agency must prove the following by preponderant evidence: (1) the requirement at issue is a condition of employment; and (2) the appellant failed to meet that

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

condition. *See Thompson v. Department of the Air Force*, 104 M.S.P.R. 529, ¶¶ 9-10 (2007). Absent evidence of bad faith or patent unfairness, the Board defers to the agency's requirements that must be fulfilled for an individual to qualify for appointment to and retention in a particular position. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014) (citing *Thompson*, 104 M.S.P.R. 529, ¶ 9). As set forth in the initial decision, when, as in the present appeal, the employing agency controls the withdrawal or revocation of the required certification, the Board's authority generally extends to review of the merits of that withdrawal or revocation. ID at 4 (citing *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008)). A narrow exception exists in cases in which the adverse action is based on the withholding of a national security credential, such as a security clearance or eligibility to occupy a noncritical sensitive position. *Adams*, 105 M.S.P.R. 50, ¶ 11; *see Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988); *Kaplan v. Conyers*, 733 F.3d 1148, 1166 (Fed. Cir. 2013) (en banc). This case does not involve considerations of national security. Accordingly, the administrative judge properly reviewed the substance of the supervisor's decision not to sign the recommendation for the appellant's D-SAACP renewal application. ID at 6-12.

¶7    On review, the appellant challenges the administrative judge's finding sustaining the charge of failure to meet a condition of employment. PFR File, Tab 1. The appellant does not dispute that the Victim Advocate position requires a D-SAACP certification and that her certification expired. IAF, Tab 26 at 2; ID at 4; PFR File, Tab 1. Rather, the appellant contests the administrative judge's factual findings and credibility determinations regarding her supervisor's decision not to sign the recommendation for the appellant's D-SAACP renewal application. PFR File, Tab 1 at 14-21; IAF, Tab 13 at 207-08. The appellant asserts that the administrative judge erred in not discussing certain relevant topics in detail in the initial decision. PFR File, Tab 1 at 15-21.

¶8    As discussed in the initial decision, the notice of proposed removal and earlier notice of intent not to sign the recommendation identified the following reasons for the supervisor's decision: (1) unwillingness to dedicate duty hours on evenings and weekends as required by her position; (2) failure to meet the shared responsibility of knowledge of current cases in the SHARP program when covering for team members on leave; (3) poor communication skills with SHARP team members; and (4) handling of a December 2016 case in which a victim sought assistance from the SHARP program. IAF, Tab 13 at 200-02, 207-08; ID at 5-6. The appellant's arguments on review focus primarily on the December 2016 incident. PFR File, Tab 1 at 15-18. She argues that the administrative judge failed to consider the lack of an official complaint card regarding the alleged dissatisfaction communicated to SHARP personnel by the victim's family member and the circumstances surrounding the appellant's "handoff" of the victim to other agency personnel. *Id.* The appellant also argues that the administrative judge failed to consider that she had only been in her position at Ford Leonard Wood for a few months and that another SHARP team member was out on leave for an extensive period. *Id.* at 18-20. Finally, she maintains that the administrative judge did not address the fact that the supervisor did not issue the notice of intent not to sign the recommendation until after the deadline for the D-SAACP renewal application had passed. *Id.* at 20.

¶9    Having considered the appellant's arguments on review, which largely constitute mere disagreement with the administrative judge's findings, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002)

(holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so). The administrative judge's failure to discuss in depth all aspects of the documentary evidence and hearing testimony regarding the December 2016 incident and the appellant's communication issues with SHARP personnel does not mean that she did not consider them and is not a basis to overturn her well-reasoned findings. *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶10    The administrative judge properly sustained by preponderant evidence the agency's charge of failure to fulfill a condition of employment. ID at 12. Regarding the December 2016 victim incident, the administrative judge found it "more probable than not that the agency's version of events occurred." *Id.* In finding that the testimony of the three agency witnesses from the SHARP program supported the supervisor's refusal to sign the recommendation due to the concerns listed above, the administrative judge applied the appropriate factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 460 (1987), and made reasonable credibility determinations based on a review of the record as a whole. ID at 11-12; Hearing Transcript at 16-23, 38-45, 86-94, 117-19; *see Haebe*, 288 F.3d at 1302. The appellant asserts that the agency must prove by preponderant evidence the appropriateness of the refusal to sign the D-SAACP renewal recommendation. PFR File, Tab 1 at 21-22. We assume for purposes of this decision that preponderant evidence is the proper standard of review. *Cf. Adams*, 105 M.S.P.R. 50, ¶ 19 (finding that the agency "acted reasonably" in denying the appellant access to its computer system, a condition of employment under the agency's control). Nevertheless, we see no reason to disturb the administrative judge's finding that the agency proved by preponderant evidence the circumstances of the December 2016 victim incident, a central issue in the supervisor's decision not to sign the recommendation due to concerns regarding the appellant's "professional abilities and willingness to perform the duties" of

the Victim Advocate position. ID at 12; IAF, Tab 7 at 24; *see Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.

¶11 The appellant does not challenge, and we discern no reason to disturb, the administrative judge's well-reasoned findings that the agency proved the other elements of this action by preponderant evidence—specifically, that there was a clear nexus between the appellant's failure to maintain a D-SAACP certification, a condition of employment for the Victim Advocate position, and the efficiency of the service and that removal was a reasonable penalty. ID at 19-21; PFR File, Tab 1.

The administrative judge's discussion of the appellants' prima facie case of EEO retaliation is modified to reflect the correct standard for evaluating an affirmative defense of retaliation for protected EEO activity.

¶12 The appellant does not challenge the administrative judge's finding that she failed to prove her affirmative defense of retaliation for protected EEO activity. ID at 18-19. However, we modify the administrative judge's findings on the appellant's EEO retaliations claims to apply the standards as set forth in recent law. An appellant may prove a claim of discrimination based on age, race, color, religion, sex, or national origin under the motivating factor standard, in other words, by proving that prohibited discrimination played "any part" in the contested action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22. Claims of retaliation for opposing discrimination in violation of Title VII are analyzed under this same framework. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 32; *Pridgen*, 2022 MSPB 31, ¶ 30. However, a but-for causation standard is applicable to retaliation claims based on activity protected under the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008. *Desjardin*, 2023 MSPB 6, ¶ 33. An appellant may prevail on such a claim by showing that retaliation was a but-for cause of the agency's action. *Desjardin*, 2023 MSPB 6, ¶ 33; *Pridgen*, 2022 MSPB 31, ¶¶ 44-47. The but-for standard is more stringent than the

motivating factor standard. *Desjardin*, 2023 MSPB 6, ¶ 31; *Pridgen*, 2022 MSPB 31, ¶ 47.

¶13     Here, it is not clear whether the appellant's prior EEO activity was based on Title VII or on the ADA. The administrative judge, applying the mixed-motive analysis, found that the appellant failed to show that retaliation was a motivating factor in the agency's decision to remove her. ID at 13-14, 18-19; *see Desjardin*, 2023 MSPB 6, ¶ 33; *Pridgen*, 2022 MSPB 31, ¶¶ 33, 47. We see no error in this finding, particularly in the absence of any challenge by the appellant on review. Therefore, to the extent that the appellant claims retaliation for prior EEO activity based on Title VII, she has not proven her claim. To the extent the appellant claims retaliation for prior EEO activity based on the ADA, her failure to meet the lesser burden of proving that her protected activity was a motivating factor in her removal necessarily means that she failed to meet the more stringent but-for standard. *See Desjardin*, 2023 MSPB 6, ¶ 33. For these reasons, we conclude that the appellant failed to prove this affirmative defense.

¶14     Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD: /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.