**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAWRENCE MCDONALD,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-17-0619-I-1 |
| 　　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE: December 14, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kevin Curtis Crayon Jr.</u>, Esquire, Kennesaw, Georgia, for the appellant.

<u>David R. Daniels</u>, Esquire, and <u>Kelly Wilkinson</u>, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1　　　　The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which reversed the appellant's removal. For the reasons discussed below, we GRANT the petition for review, VACATE the administrative judge's finding that the agency failed to afford the appellant due process, AFFIRM her finding that the appellant failed to prove discrimination

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or retaliation for prior equal employment opportunity (EEO) activity, DENY the cross petition for review, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The agency proposed to remove the appellant from his GS-12 Program Support Specialist position based on three charges:  (1) insubordination; (2) failure to request leave in accordance with established procedures; and (3) failure to carry out assigned duties.  Initial Appeal File (IAF), Tab 1 at 15-16. In selecting the removal penalty, the proposal relied on the appellant's prior misconduct, a 14-day suspension.  *Id.* at 16.  The appellant responded to the proposal, and the deciding official sustained the removal action, finding that the appellant engaged in the charged misconduct and that the removal penalty was reasonable.  *Id.* at 10-14.

¶3    The appellant filed an EEO complaint alleging discrimination and reprisal for prior EEO activity.  IAF, Tab 11.  The agency issued a final agency decision finding no discrimination or retaliation, *id.* at 6-22, and the appellant filed a timely Board appeal, IAF, Tab 1.  He requested a hearing, *id.* at 2, that was held on December 5, 2017, IAF, Tab 36.

¶4    The administrative judge issued an initial decision reversing the removal action.  IAF, Tab 38, Initial Decision (ID).  Specifically, she found that the agency violated the appellant's due process rights when, in considering the *Douglas* factors,[2] the deciding official considered that there was an "environment of fear" linked to the appellant's presence and that his colleagues were allegedly afraid of him.  ID at 4-12.  The administrative judge considered the deciding official's testimony that statements from the appellant's coworkers showed that

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), the Board set forth a list of factors appropriate for consideration in determining the appropriate penalty with respect to an adverse action taken under 5 U.S.C. chapter 75.  These factors are often referred to as the *Douglas* factors.

they were fearful of him. ID at 8. However, the administrative judge found that the record does not reflect that any such statements were part of the evidence package that the deciding official received and reviewed. ID at 8. The administrative judge also found that the notice of proposed removal and the decision letter did not put the appellant on notice that the agency intended to rely upon the fearfulness of his colleagues as an aggravating factor in his removal action. ID at 10. Therefore, she determined that the deciding official relied on ex parte evidence that was not cumulative to sustain the removal. ID at 11. She also found that the ex parte information was material, and, accordingly, she reversed the agency's action.

¶5 In light of the reversal of the agency's action on the basis of a due process violation, the administrative judge found that she need not reach the merits of the appeal or determine whether the appellant proved his additional claims alleging violations of due process. ID at 12. Nevertheless, she found that the appellant's allegations of discrimination and reprisal must be adjudicated. ID at 12-13. She found that the appellant failed to prove discrimination or reprisal for EEO activity. ID at 13-21.

¶6 In its petition for review, the agency contends that the administrative judge erred in finding that the deciding official relied on ex parte evidence. It argues that the appellant's coworkers' statements that the deciding official relied upon were made available to the appellant and were entered into the record of the appeal. Petition for Review (PFR) File, Tab 1 at 5.[3]

¶7 The appellant has responded in opposition to the agency's petition and filed a cross petition for review. PFR File, Tab 3. In his cross petition, the appellant contends that the administrative judge erred in finding that he failed to show that the removal action was taken in reprisal for his EEO activity. *Id*. at 6. The

_____

[3] In the initial decision, the administrative judge ordered interim relief. Attached to the agency's petition for review is a certificate that it has complied with the administrative judge's interim relief order. PFR File, Tab 1 at 6, 8.

agency has responded in opposition to the appellant's cross petition. PFR File, Tab 5.

## ANALYSIS

The agency's petition for review is persuasive.

¶8     Our reviewing court has held that a deciding official violates an employee's due process rights when he or she relies upon new and material ex parte information as a basis for a decision on the merits of a proposed charge or the penalty to be imposed. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). Furthermore, the Board has held that an employee's due process right to notice extends to both ex parte information provided to a deciding official and information known personally to the deciding official if the information was considered in reaching the decision and not previously disclosed to the appellant. *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 7 (2012). In *Stone*, the U.S. Court of Appeals for the Federal Circuit identified the following factors to be used to determine if ex parte information is new and material: (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377.

¶9     Here, the administrative judge determined that the deciding official relied on new and material ex parte information in determining the penalty—specifically, that there was an "environment of fear" linked to the appellant's presence. The deciding official testified that she considered statements from the appellant's coworkers indicating that they were fearful of him and that these statements were included in the evidentiary package in the removal action submitted to her and made available to the appellant. However, the

administrative judge found that, apart from an unsworn statement written by a colleague of the appellant, no such statements were in the record. ID at 8. In addition, the administrative judge found that neither the agency nor the appellant indicated that this unsworn statement was part of the evidence package concerning the proposed removal. *Id.*

¶10 We agree with the agency's contention in its petition for review that the administrative judge's finding that no such statements existed in the record constituted factual error. The agency submitted below statements made by coworkers of the appellant stating that they were fearful of him. IAF, Tab 7 at 3, 6-8. These statements are reflected in the deciding official's testimony regarding her specific rationale for upholding the removal penalty. Hearing Transcript (HT) at 15, 21. She testified that she considered the impact the appellant had on his coworkers and the fact they were fearful of him. *Id.* She further stated that there was an "environment of fear" when the appellant was present and explained that some employees were afraid to ride the elevator with him. HT at 15. Consistent with the deciding official's testimony, each statement indicates that an element of fear existed in the work area where the appellant was assigned. One employee stated, apparently referencing the appellant, that "[n]o employee or supervisor should have to work in that type of environment of being fearful of what that employee might do." IAF, Tab 7 at 6. Another stated that "[k]nowing that [the appellant] was in the building made me very uncomfortable, as we left out of office we heard the elevator door opened, immediately we ran down the steps." *Id.* at 7. Yet another of the appellant's coworkers stated that the appellant's presence caused him anxiety, and he requested leave for the remainder of the day when he learned that, although the appellant was supposed to be on leave, he had come to the workplace. *Id.* at 8.

¶11 Thus, the administrative judge erred in determining that the record did not contain coworker statements which could have been part of the evidence package that the deciding official reviewed. We therefore vacate the administrative

judge's findings that the agency violated the appellant's due process rights by considering information regarding the potential impact of the appellant's continued presence in the office. However, the Board cannot make a determination on this due process issue absent further development of the record. First, the administrative judge did not determine the credibility of the deciding official's testimony that the employee statements were part of the package that she reviewed. Second, the record does not show whether these statements were made available for the appellant's review.[4]

¶12     In sum, absent findings regarding whether the coworker statements were part of the package that the deciding official used to decide the proposed action and whether they were available to the appellant to review, the Board cannot determine whether the deciding official violated the appellant's due process rights by considering information regarding the potential impact of the appellant's continued presence in the office. *See Ward*, 634 F.3d at 1279-80; *Stone*, 179 F.3d at 1376-77. Accordingly, we remand the appeal for further development of the record and adjudication on this issue. If the administrative judge determines that the deciding official properly considered this information, she shall adjudicate the merits of the removal action and determine whether the appellant proved his additional claims alleging violations of due process.

The appellant's assertions on cross petition for review are unavailing.

¶13     After the initial decision was issued, the Board clarified its analytical framework for age and Title VII discrimination claims in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, and we apply that framework

---

[4] We note that the notice of proposed removal informed the appellant that the package that the deciding official would rely on was available for his review. *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 7 (2015) (determining that the appellant received a pre-decisional opportunity to respond to the proposed furlough action when, among other things, the proposal notice stated that supporting materials could be found on the agency website or in designated areas). However, the record does not show whether the agency provided him with a reasonable opportunity to review these statements.

here. The appellant previously filed EEO complaints opposing discrimination based on race, sex, and age. IAF, Tab 26 at 48-49. To establish a claim of discrimination based on race, sex, and age, an appellant must prove by preponderant evidence that his membership in a protected class was a motivating factor in the contested personnel action, even if it was not the only reason. *Pridgen*, 2022 MSPB 31, ¶¶ 23-25. Claims of retaliation for opposing discrimination in violation of Title VII and the Age Discrimination in Employment Act are analyzed under the same framework used for Title VII discrimination claims. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 32; *Pridgen*, 2022 MSPB 31, ¶ 30.

¶14    The administrative judge found that the appellant failed to show that his prior EEO activity was a motivating factor in the agency's removal. ID at 21. In his cross petition for review, the appellant appears to argue that an email sent by his second-level supervisor to the deciding official—in which she expressed her concern regarding the absence of a "workplace violence/safety threat analysis" which would focus on "the potential threat posed by [the appellant]"—was sent in retaliation for his EEO activity. IAF, Tab 31 at 20; PFR File, Tab 3 at 6. The administrative judge did not address this assertion in the initial decision, but the appellant's counsel apparently raised such a claim, at least inferentially, during the hearing. HT at 107-09 (questions by the appellant's counsel). The second-level supervisor sent the email on April 28, 2015, prior to the incidents of June 2016 that gave rise to the charges that resulted in the appellant's removal. IAF, Tab 1. However, there is no evidence that the appellant's EEO activity was a motivating factor in the agency's removal decision. The deciding official testified that such activity was not a factor in the removal action. HT at 30 (testimony of the deciding official). Thus, the appellant failed to show that the email constituted a retaliatory motivating factor in his removal. Because we find that the appellant failed to show that discrimination or retaliation was a

motivating factor in the removal action, we need not reach the question of whether it was a "but-for" cause. *See Pridgen*, 2022 MSPB 31.

¶15 The appellant asserts that he established that the proposing official had animus toward his EEO activity by showing that his supervisors gave contradictory testimony about whether they allowed him time and access to work on matters relating to his EEO complaint. PFR File, Tab 3 at 7-8. This is another argument that the administrative judge did not address explicitly. It seems, however, that the appellant's counsel at least inferentially raised the argument during the hearing. HT at 179-83 (questions by appellant's counsel). The proposing official's testimony shows that he denied the appellant time to work on his EEO complaint while he was serving his 14-day suspension. HT at 179-80 (testimony of the proposing official). However, subsequently, the proposing official allowed the appellant time, to be reported in 15-minute intervals, to work on his EEO complaint when the appellant provided appropriate documentation that he was working on EEO matters. HT at 180-83. Under these circumstances, the appellant failed to show that the proposing official's actions regarding the appellant's requests for time to work on his EEO complaint evidenced a retaliatory motivating factor in the removal action.

¶16 The appellant does not allege error in any other of the administrative judge's findings regarding his allegation that the removal action constituted retaliation for his EEO activity, and we find none. The administrative judge properly considered the evidence as whole in finding that the appellant failed to prove his affirmative defense of retaliation for EEO activity. She thoroughly considered the documentary evidence and the witnesses' testimony and properly determined that prohibited retaliation was not a motivating factor in the appellant's removal. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*,

33 M.S.P.R. 357, 359 (1987) (same). Thus, the administrative judge properly found that the appellant failed to meet his burden to show by preponderant evidence that his prior EEO activity was a motivating factor in the agency's decision to remove him. Subsequent changes to our discrimination and retaliation case law do not, therefore, affect the result in this case.

## ORDER

¶17     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:             _____

*Jennifer Everling*

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.