## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY GOODRICH,
        Appellant,

v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
PH-0752-21-0270-I-1

DATE: March 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Timothy Goodrich</u>, Yelm, Washington, pro se.

<u>Brandon Gatto</u>, Esquire, and <u>David P. Tomaszewski</u>, Esquire, Tobyhanna,
    Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which (1) sustained four charges of misconduct, (2) found that the appellant did not prove his affirmative defenses of failure to accommodate and status-based disability discrimination and retaliation for disability-based equal employment opportunity (EEO) activity, and (3) affirmed the appellant's removal. On petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review, the appellant asserts that his supervisors committed perjury, but does not identify any allegedly false statements or challenge any of the administrative judge's findings. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision's analysis of the appellant's discrimination and retaliation claims, we AFFIRM the initial decision.

After the administrative judge issued the initial decision, the Board clarified the proper analytical framework for adjudicating status-based disability discrimination[2] claims under the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 40. Under *Pridgen*, the appellant bears the initial burden of proving by preponderant evidence that his disability was a motivating factor in his removal. *Pridgen*, 2022 MSPB 31, ¶¶ 21, 40. Here, the administrative judge found that the appellant proved that his disability was a motivating factor in the agency's decision to remove him because the agency learned of the appellant's disability only a month before proposing his removal and 3 months before the removal decision. Initial Appeal File (IAF),

[2] The appellant does not challenge the administrative judge's finding that he did not show that the agency failed to provide him with a reasonable accommodation, and we see no error in that finding.

Tab 32, Initial Decision (ID) at 21. We find that the timing alone is insufficient by itself to show motivating factor under the circumstances of this case. The record shows that the sustained misconduct occurred between August 31, 2020, and October 21, 2020, and the agency proposed the appellant's removal on October 29, 2020, and effected the removal on December 7, 2020. IAF, Tab 5 at 65, Tab 6 at 19-22. Nothing in the agency's decision to act expeditiously suggests an improper motive. Moreover, the administrative judge noted the "very credible" testimony of the proposing and deciding officials denying being influenced during the removal process by their knowledge of the appellant's disabilities and remarked that their testimony was corroborated by other evidence in the record. ID at 22; Hearing Transcript at 42-43 (testimony of the proposing official), 102-103, 112-120 (testimony of the deciding official). We see no reason to set aside the administrative judge's credibility findings. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Based on a careful review of the record, we find that the appellant did not show that his disability was a motivating factor in his removal.[3]

The Board has also clarified the proper analytical framework for adjudicating claims of retaliation for engaging in EEO activity protected under the Rehabilitation Act. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33; *see Pridgen*, 2022 MSPB 31, ¶¶ 44, 47. Such claims are subject to a "but-for" causation standard. *Desjardin*, 2023 MSPB 6, ¶ 33; *Pridgen*, 2022 MSPB 31, ¶¶ 44, 47. In addition, the burden of proof does not shift to the agency but

---

[3] Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's discrimination claim, it is unnecessary for us to address whether discrimination was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

remains with the appellant. *Pridgen*, 2022 MSPB 31, ¶¶ 46-47. The administrative judge here incorrectly required the agency to show that it would have removed the appellant absent his protected activity and found that the agency met that burden. ID at 21-22. If prior EEO activity is a "but-for" cause of retaliation, there is, by definition, no other proper reason for that action. *Pridgen*, 2022 MSPB 31, ¶ 47. Because the administrative judge found that the agency proved that it would have removed the appellant in the absence of his EEO activity, it has been established that there was a proper reason for the removal action. Therefore, even after properly allocating the burden of proof to the appellant, we find that he cannot show that retaliation was a "but-for" cause of his removal.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board
Washington, D.C.