**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LASHONDA COLTER, | DOCKET NUMBER |
| Appellant, | PH-0752-16-0049-I-3 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE:  March 20, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Juan J. Laureda</u>, Esquire, Philadelphia, Pennsylvania, for the appellant.

<u>Roderick D. Eves</u>, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which found that she failed to prove her affirmative defenses of sex and disability discrimination and equal employment opportunity (EEO) retaliation.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's discrimination and retaliation claims, we AFFIRM the initial decision.

The appellant filed an appeal of her removal for alleged misconduct. It is undisputed that, while the appeal was pending, the agency completely rescinded the removal action, retroactively returned the appellant to duty, and paid her back pay, such that the only remaining issues on appeal were the appellant's affirmative defenses of sex and disability discrimination and EEO retaliation. After a hearing, the administrative judge issued an initial decision, finding that the appellant did not prove the agency discriminated against her based on her sex or disability or retaliated against her for engaging in protected EEO activity in removing her. *Colter v. U.S. Postal Service*, MSPB Docket No. PH-0752-16-0049-I-3, Appeal File (I-3 AF), Tab 21, Initial Decision (I-3 ID) at 26-30.

The appellant failed to prove her sex discrimination claim.

After the initial decision was issued, the Board clarified the proper analytic framework for adjudicating sex discrimination claims under Title VII. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-25. Under *Pridgen*, the appellant bears the initial burden of proving by preponderant evidence that her sex was a motivating factor in her removal. *Pridgen*, 2022 MSPB 31, ¶ 21.

The administrative judge found unpersuasive the appellant's argument that the agency treated certain male employees differently on the basis of sex because she failed to show that the purported comparators were similarly situated to her. ID at 30. We discern no error in this finding. We also discern no error in the administrative judge's finding that the agency assigned the appellant more duties than certain male employees because she was the head supervisor and they were only acting supervisors. ID at 21-22.

The appellant argues that her former first-line supervisor, although not the proposing or deciding official in the removal action, initiated the investigation that led to her eventual removal, and that he harbored animus against her on the basis of sex, as evidenced by his remarks about her maternity leave.[2] *See Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014) (citing *Staub v. Proctor Hospital*, 562 U.S. 411, 416-17, 422 (2011) (addressing when an employer may be liable for the influence of individuals with discriminatory animus over an individual without such animus in the context of the Uniformed Service Employment and Reemployment Rights Act)). However, the administrative judge correctly found that these remarks were insufficient when considered in conjunction with other evidence of record, including the nondiscriminatory reasons for which the agency took the removal action. We therefore agree with the administrative judge's finding that the appellant failed to show that her sex was a motivating factor in the removal action.

The appellant failed to prove her disability discrimination claim.

The threshold issue in a disability discrimination claim under the Rehabilitation Act is whether the appellant is a disabled individual. An appellant may prove she has a disability by showing that she (1) has "a physical or mental impairment that substantially limits one or more major life activities"; (2) has "a

---

[2] Under 42 U.S.C. § 2000e(k), sex discrimination includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions." *See Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 26 (2015).

record of such an impairment"; or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1); *Pridgen*, 2022 MSPB 31, ¶ 37; 29 C.F.R. § 1630.2(g). The administrative judge correctly found that the appellant failed to prove that the relevant managers regarded her as disabled. ID at 30. However, the record establishes that the appellant had a history of an impairment that substantially limited a major life activity, and we find, therefore, that the appellant proved that she is an individual with a disability within the meaning of the Rehabilitation Act.

To prevail in a disability discrimination claim, however, the appellant must also show that she is a qualified individual with a disability. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29. A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. *Id.*, ¶ 28 (citing 42 U.S.C. § 12111(8)). We find that the appellant was not a qualified individual with a disability. The appellant has not alleged that she was able to perform the essential duties of her position. Rather, from October 2014, until her September 2015 removal, she requested and received medical leave and Office of Workers' Compensation Programs (OWCP) benefits because she was "totally disabled," a limited-duty assignment with significant medical restrictions, then additional medical leave and OWCP benefits based on a worsening or recurrence of her disability. I-3 AF, Tab 9 at 104-08, 115, 122-23, 169-70, 374-80, 576-78. Similarly, although the agency questioned the severity of the appellant's injuries, it did not attempt to return her to full duty, with or without a reasonable accommodation. Instead, the agency attempted to accommodate the appellant by offering a 4-hour part-time, limited-duty assignment. *Id.* at 342. Thus, there is no indication that either the appellant or the agency believed that she was medically able to perform the essential duties of her position with or without a reasonable accommodation. Accordingly, because the appellant was not a

qualified disabled individual, she failed to prove her disability discrimination affirmative defense. *See Haas*, 2022 MSPB 36, ¶¶ 29-30.

The appellant failed to prove her EEO retaliation claim.

The Board has also clarified the analytical framework for addressing claims of EEO retaliation since the initial decision was issued. Claims of retaliation for opposing discrimination in violation of Title VII are analyzed under the same framework used for Title VII discrimination claims, as set forth above. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 32. It is undisputed that the appellant engaged in protected EEO activity, but we are unpersuaded by the appellant's arguments on review that certain statements she made to her supervisors about EEO-related matters outside the EEO process were additional instances of protected EEO activity. Moreover, the administrative judge credited the deciding official's testimony in finding that she based her removal decision on the evidence before her, and not on animus for the appellant's EEO activity. I-3 ID at 28-29. The Board must give deference to an agency's demeanor-based credibility findings. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004). It may overturn those findings for sufficiently sound reasons, such as if they are incomplete, inconsistent with the weight of the evidence, or do not reflect the record as a whole. *Id.* We find that the appellant has not made this showing. We further find that the administrative judge properly considered the evidence as a whole and discern no basis for altering his determination that the appellant did not prove by preponderant evidence that her protected EEO activity was a motivating factor in the agency's decision to remove her.[3]

The appellant's remaining arguments do not state a basis to grant review.

On review, the appellant reiterates her argument that the agency committed harmful error in effecting her removal. Petition for Review (PFR) File, Tab 3

---

[3] Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's discrimination and retaliation claims, it is unnecessary for us to address whether discrimination or retaliation was a but-for cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

at 3, 10-13, 16.  To the extent that the agency failed to follow its procedures in implementing her removal, this issue is not properly before us.  Once the agency fully rescinded the removal action, any harmful error issues were rendered moot. *See Hejka v. U.S. Marine Corps*, 9 M.S.P.R. 137, 140 (1981) (explaining that, if an agency fails to prove its charge, the harmful error issue is moot).

Finally, the appellant argues that the administrative judge was biased.  PFR File, Tab 3 at 30.  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The appellant's claims, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome that presumption, nor establish a deep-seated favoritism or antagonism.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (holding that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.