# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES D. BLACKWELL,
    Appellant,

  v.

DEPARTMENT OF THE AIR FORCE,
    Agency.

DOCKET NUMBER
DA-0752-19-0054-I-1

DATE: June 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kristin Richards</u>, Esquire, Oklahoma City, Oklahoma, for the appellant.

<u>Richard R. Rice</u>, Esquire, and <u>Orion A. Strand</u>, Esquire, Midwest City, Oklahoma, for the appellant.

<u>Michele S. McNaughton</u>, Esquire, and <u>William Vernon</u>, Esquire, Tinker Air Force Base, Oklahoma, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to merge the agency's charges of unauthorized absence and failure to request leave according to established procedures, we AFFIRM the initial decision.

On petition for review, the appellant argues that the administrative judge erred in sustaining the charge of refusal to submit to a urinalysis for the following reasons: (1) the "shy bladder" collection procedures applied to him regardless of whether he told personnel at the drug-testing facility that he had a shy bladder; (2) he was unable to provide a urine specimen due to the medical conditions of himself and his mother; and (3) he was not required to stay at the facility for 3 hours. Petition for Review (PFR) File, Tab 1 at 9-16.

For the reasons provided in the initial decision, we agree with the administrative judge's finding that the appellant's action of leaving the drug-testing facility without providing a urine specimen and without staying the requisite 3 hours constituted a refusal to submit to a urinalysis. Initial Appeal File (IAF), Tab 23, Initial Decision (ID) at 4-13. We further agree with the administrative judge's finding that the appellant did not stay at the facility for the 3-hour period that would have qualified him to claim shy-bladder status. ID at 20. Thus, we discern no prejudice to the appellant's substantive rights as a

result of any error in the administrative judge's interpretation of the agency's drug-testing policy as requiring an employee to specifically invoke the shy bladder collection procedures. ID at 12-13, 20; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Although the agency's drug-testing policy contemplates that there may be a medical reason for an employee's inability to provide a urine specimen, we interpret the policy as referring to an employee's own medical condition. PFR File, Tab 1 at 12-14; IAF, Tab 15 at 57.

In addition, the appellant argues on review that his absences on the dates specified in the remaining leave-related charges were covered under the Family and Medical Leave Act of 1993 (FMLA).[2] PFR File, Tab 1 at 17-20. Specifically, he claims that the agency approved his August 13, 2018 requests for leave from August 2 to 31, 2018, and retroactively designated such leave as FMLA leave under 29 C.F.R. § 825.301(d). PFR File, Tab 1 at 19; IAF, Tab 15 at 12-13. We discern no reason to disturb the initial decision based on such arguments. The appellant has failed to point to any record evidence suggesting that the agency approved his leave requests. Further, the appellant's reliance on 29 C.F.R. § 825.301(d) is unavailing. *See Burge v. Department of the Air Force*, 82 M.S.P.R. 75, ¶ 27 (1999) (distinguishing 29 C.F.R. § 825.301 as applying to

---

[2] The appellant has resubmitted FMLA documentation and leave requests that already are a part of the record before the administrative judge. *Compare* PFR File, Tab 1 at 23-28, *with* IAF, Tab 15 at 9-13. For the first time on review, the appellant has provided a copy of his mother's death certificate. PFR File, Tab 1 at 30. The appellant has failed to explain why, despite his due diligence, he was unable to submit such evidence prior to the close of the record before the administrative judge. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). In any event, we find that it is immaterial to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (observing that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

the Postal Service). Instead, under 5 C.F.R. § 630.1203(b), "An employee may not retroactively invoke his or her entitlement to family and medical leave." *See Burge*, 82 M.S.P.R. 75, ¶ 27 (applying 5 C.F.R. § 630.1203 to the Air Force).

However, we modify the initial decision to merge the charges of unauthorized absence and failure to request leave according to established procedures because they concern the same misconduct and elements of proof. IAF, Tab 4 at 40; *see, e.g.*, *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 4 n.3 (2014). Merging these charges does not affect our decision to affirm the penalty. *See, e.g.*, *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 12, *review dismissed*, 139 F. App'x 261 (Fed. Cir. 2005).

Accordingly, we affirm the agency's removal action.

### NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.